UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAHIDH G. SHAO,

        Petitioner,        CASE NO. 17-10958
                              HON. DENISE PAGE HOOD

v.

DIRECTOR OF BUREAU OF
IMMIGRATION AND CUSTOMS
ENFORCEMENT,

        Respondent.
_____/

## ORDER GRANTING GOVERNMENT'S EMERGENCY MOTION TO VACATE STAY OF REMOVAL [#5]

On March 27, 2017, Petitioner Nahidh G. Shao ("Shao") filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc # 1) On March 31, 2017, the Court issued an Order Directing Service and Response and staying the removal of Shao. (Doc # 3) The Court allowed the Government, for good cause shown, to move to vacate the stay. On April 6, 2017, the Government filed an Emergency Motion to Vacate Stay of Removal for Good Cause Shown. (Doc # 5) On April 7, 2017, Shao filed a Response.[1] (Doc # 6)

---

[1] The Court indicated to Counsel for Petitioner that a hearing on the Motion to Vacate could be held on April 7, 2017, and that Counsel for the Government would be available for such a hearing. After filing his Response, Counsel for Petitioner declined the motion hearing and indicated that he opposed any request for a motion hearing on the part of the Government.

1

Shao is a native of Iraq who last entered the United States as a child and lawful permanent resident in February 1967. (Doc # 5-2, Pg ID 44)  In 1983, Shao was convicted in Oakland County of assault with intent to commit murder, two counts of armed robbery, and three counts of felony firearm. *Id.*; Doc # 1-1.  He was sentenced to a minimum of 40 years in prison. (Doc # 5-2, Pg ID 44; Doc # 1, Pg ID 8-9)  In November 1994, Shao was ordered removed to Iraq, and in July 1995, the Board of Immigration Appeals dismissed Shao's appeal. (Doc # 5-2, Pg ID 44)  On September 13, 2016, Shao was paroled from the Michigan Department of Corrections into the custody of the U.S. Immigration and Customs Enforcement ("ICE") pursuant to an immigration detainer. *Id.*

Shao has since been in ICE custody for approximately six and a half months pending his removal to Iraq.  According to a declaration of Bryan Norburn, ICE Deportation Officer, ICE has been working diligently to remove Shao. *Id.*  ICE submitted a travel document request to the Iraqi Consulate in October 2016, and Consulate officials interviewed Shao in November 2016.  On December 12, 2016, ICE issued a Decision to Continue Detention in Shao's case following a 90-day post-order custody review.  The letter informed Shao that ICE was working on obtaining a travel document for his removal, and that he was considered a public safety threat due to his criminal history. *Id.* at 44-45.  ICE subsequently received a letter from the Iraqi Consulate denying the request for a travel document for Shao

due to the absence of Shao's original Iraqi documents and his stated unwillingness to return to Iraq. *Id.* at 45.

Shao's case was then transferred to ICE Headquarters' Office of Enforcement and Removal Operations ("HQ ERO") where Removal and Internal Operations ("HQ RIO") took over efforts to remove Shao. *Id.* On January 27, 2017, HQ RIO issued a Decision to Continue Detention in Shao's case. The letter informed Shao that ICE was working on obtaining a travel document for his removal, and that one was expected. *Id.*

According to a declaration of Julius Clinton, ICE Deportation Officer in HQ RIO,

> [HQ] ERO has been in negotiations with the government of Iraq over the past year regarding the repatriation of Iraqi nationals subject to a final order of removal. As a result of these recent negotiations, via the United States Embassy in Baghdad, Iraq, ERO has received approval from the Iraqi government to return a number of Iraqi nationals ordered removed from the United States.
>
> On February 6, 2017, ERO received approval to move forward with scheduling the removals. HQ ERO has approved a list of Iraq[i] nationals that will be repatriated. Iraq has agreed to accept these subjects without a travel document.

(Doc # 5-3, Pg ID 48) The declaration indicates that the first removals are scheduled for this month, and Shao is among the individuals approved for removal in April 2017.

In his Petition, Shao argues that that there is no significant likelihood that he will be removed in the reasonably foreseeable future because there is no record of him as an Iraqi national and no passport has ever been issued in his own name. (Doc # 1, Pg ID 10)

The Government opposes Shao's Petition because he is currently scheduled to be removed to Iraq by the end of this month, April 2017.  The Government notes in its Motion that the pre-removal staging process is set to begin next week, and that, but for the stay ordered by the Court, Shao's removal is imminent.  (Doc # 5, Pg ID 30-31)

Shao responds that, to his Counsel's knowledge and belief, there has been only one removal to Iraq in the past two years.  Shao notes that the consequences of removal to Iraq would be life-threatening and catastrophic for him as a Chaldean Christian.[2]  (Doc # 6, Pg ID 56; Doc # 6-6; Doc # 6-7)  Shao further responds that the declarations of the ICE Deportation Officers are self-serving and vague, as well as similar to declarations made in another case.  However, Shao indicates no reason to believe that the declarations of the ICE Deportation Officers, made under penalty of perjury, are untruthful.

---

[2] This matter is presently before the Court on the Motion to Vacate Stay of Removal for Good Cause Shown.  The Court is not presently deciding whether to grant Shao's Petition.  If and when the Court reaches that stage, conditions in Iraq may be relevant only to the extent they do or do not render removal virtually impossible.  *See Ahmed v. Brott*, No. CIV. 14-5000, 2015 WL 1542131, at *4 (D. Minn. Mar. 17, 2015), *report and recommendation adopted*, No. CIV. 14-5000, 2015 WL 1542155 (D. Minn. Apr. 7, 2015) (collecting cases).

Given that Iraq has agreed to accept Shao and others without travel documents, and given that Shao is among the individuals approved for removal this month with staging beginning next week, the Court finds that the Government has shown good cause for vacating the stay.

Accordingly,

IT IS HEREBY ORDERED that the Government's Emergency Motion to Vacate Stay of Removal (Doc # 5) is GRANTED.

IT IS FURTHER ORDERED that the stay of removal is VACATED.

IT IS FURTHER ORDERED that the hearing on Shao's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 is reset for **Thursday, May 4, 2017 at 3:00 p.m.**.

IT IS FURTHER ORDERED that the Government shall immediately inform the Court if and when Shao's removal has been completed.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: April 7, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 7, 2017, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager